

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2006

# Spradlin v. Danville

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1051

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Spradlin v. Danville" (2006). *2006 Decisions.* Paper 617.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/617

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1051
_____

GILFRED L. SPRADLIN,
Appellant

vs.

BOROUGH OF DANVILLE, a municipal corporation;
DANVILLE BOROUGH COUNCIL; THOMAS A. GRAHAM,
individually and in his official capacity as
Danville Borough Secretary; JEANNE D. KIEWLAK,
individually and in her official capacity as Danville
Borough Codes and Zoning Administrator; RAE E. LEIGHOW,
individually and in his official capacity as Danville
Borough Police Chief; ROBERT W. BUEHNER, in his official
capacity as District Attorney of Montour County;
ROBERT L. MARKS, ESQ., individually and in his official
capacity as Danville Borough Solicitor; MICHAEL P. DENNEHY,
individually and in his official capacity as Danville Borough
Solicitor; WESLEY R. WERTMAN, individually; WILLIAM ROGERS,
in his official capacity as Danville Borough Zoning Hearing
Board Chairman; ALBERT CHURM, in his official capacity as
Zoning Hearing Board Member
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-02237)
District Judge: Honorable James F. McClure, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
July 27, 2006

Before:  FISHER, ALDISERT AND WEIS,  <u>Circuit Judges</u>.

Filed August 3, 2006

_____

OPINION

_____

PER CURIAM.

Gilfred L. Spradlin appeals from an order of the United States District

Court for the Middle District of Pennsylvania, entering a final judgment in favor of the

defendants in his action alleging violations of the Constitution of the United States and

the Constitution and laws of the Commonwealth of Pennsylvania.  For the reasons that

follow, we will affirm.[1]

Spradlin filed a complaint in December 2002 against the Borough of

Danville, the Borough Council and various Borough officials, including Codes and

Zoning Enforcement official Jeanne Kiewlak, and Danville Borough Solicitors Robert

Marks and Michael Dennehy concerning claims arising from zoning and code issues

related to Spradlin's property.  All parties filed motions to dismiss or for judgment on the

pleadings.  On December 10, 2003, the District Court granted Spradlin's motion to amend

his complaint, and granted in full or in part defendants' motions.[2]  The Court listed the

---

[1]  The parties are already familiar with the facts of this case.  Therefore, we limit our
discussion to those facts essential to our decision.

[2]  The thirteenth issue listed in Spradlin's brief asks "Did the District Court err and/or
abuse it's [sic] discretion in dismissing Appellant's other Claims and Defendants
contained in the amended Complaint as time barred, given the fact Appellant was then
and continues to be denied due process?"  Appellant's Brief at 7.  His "Conclusion" also
asks the Court to vacate the December 10, 2003 order "whereby certain claims and
Defendants were dismissed as time barred . . . ."  App. Br. at 33.  However, these are the
only references to the issues decided in the December 10, 2003 order; the brief is devoid

2

remaining claims as follows:[3] (1) substantive and procedural Due Process claims against the Borough of Danville, Danville Borough Council, Danville Solicitors, and Danville Codes and Zoning Enforcement Official regarding the sufficiency of the zoning violation appeal process listed in Counts VII, IX and XI; (2) a claim in Count IX for an unreasonable administrative search of his property; (3) a claim for tortious interference with contractual relations against Danville Solicitors in Count X; (4) a state claim for malicious prosecution against the Borough of Danville, Danville Borough Council, Danville Solicitors, and Danville Codes and Zoning Enforcement Official in Count XI; (5) a claim against the Borough of Danville, Danville Borough Council and Solicitor Marks in Count XIII that his rights to freedom of speech and equal protection were violated.

In an order entered December 7, 2005, the District Court dismissed all claims against Danville Borough Council as redundant of the claims against Danville Borough[4] and granted the summary judgment motions of the remaining defendants. Spradlin timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our

_____

of any argument in support of the issues. We therefore find that Spradlin waived his appeal with regard to these claims. F.D.I.C. v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000).

  [3] We have renumbered some of the claims.

  [4] The District Court dismissed the complaint against Danville Borough Council as redundant of the claims against Danville Borough, as the Borough would ultimately be liable for any violation by the Council. As Spradlin does not contest this ruling, we need not discuss it further.

3

review of the District Court's order is plenary. <u>Kautz v. Met-Pro Corp.</u>, 412 F. 3d 463, 466 (3d Cir. 2005).

## I.

Spradlin's brief lists numerous issues and sub-issues but the "Argument" section of Spradlin's brief only includes argument on the due process claims. However, we will generously construe Spradlin's "Facts of the Case" section to include argument regarding the unreasonable administrative search. All other issues are deemed waived. <u>Deglau</u>, 207 F.3d at 169-70. As to the claims that remain, we agree with the District Court's thorough analysis, and highlight only a few issues here.

### A.    <u>Due Process Claims</u>

Spradlin argues that he was denied due process because he was denied a reasonable opportunity to appeal a Notice of Violation sent by the Codes and Zoning Enforcement Official on September 7, 2000. He argues that the five-day appeal period provided was unreasonable. The District Court properly noted that where there is an available appeal process, a due process claim does not accrue "unless and until the State fails to provide due process." <u>Alvin v. Suzuki</u>, 227 F.3d 107, 116 (3d Cir. 2000). A plaintiff must take advantage of the processes that are on the books unless those processes are "unavailable or patently inadequate." <u>Id</u>. We agree with the District Court that the five-day period allowed is not "patently inadequate," as it would not be difficult to create a simple statement setting forth the section of the Notice in dispute, the reason for the dispute, and a request for a hearing before the Zoning Hearing Board within a period of

five days.[5]

Similarly, Spradlin argues that he was denied a right to appeal a Stop Work Order issued on or about January 15, 2001 and a Correction Notice, issued on October 9, 2001, which alleged violations of the BOCA Codes,[6] as a BOCA Code Appeals Board was not empaneled at the time the violation notices were issued. Again, however, no due process claim accrued. Spradlin may not prove a due process violation based on speculation that the Borough would not have promptly empaneled an Appeals Board had he attempted to file an appeal.

**B.**    Unreasonable Search

We agree with the District Court that Codes and Zoning Administrator Jeanne Kiewlak's search of Spradlin's property was not unreasonable. Spradlin had notice that Kiewlak had rescheduled the search for December 14, 2000, but did not object or try to reschedule. Although Spradlin was not present at the time of the search, one of his employees was there, and he voluntarily escorted Kiewlak throughout the property. For the reasons stated by the District Court, we agree that Kiewlak was entitled to rely on the employee's apparent authority to consent to the search, and that the employee did in fact have the ability to furnish valid consent. Thus, the search was not unreasonable.

**C**.    Claims Against Danville Solicitors

---

[5] We further agree with the District Court that the provisions Spradlin cites for the proposition that a thirty-day appeal period is required are not applicable.

[6] These are national building codes that Danville Borough had adopted by ordinance.

We add one remark concerning the claims against the Danville Solicitors. The District Court stated that it was "unable to identify the alleged conduct of the Solicitor Defendants that Spradlin claims denied him of his rights." Dist. Ct. Op. at 7. We similarly find that Spradlin's allegations that the Solicitors were involved in the enactment of the ordinances at issue here and his conclusory allegations of conspiracy are not sufficient to establish any type of constitutional violation.

## II.

For the reasons stated above and the reasons given by the District Court, we will affirm.